IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOE N. WILFORD,

    Plaintiff,

v.                                               CASE NO. 4:03cv22-RH

PEAVY & SON CONSTRUCTION
CO., INC.,

    Defendant.

_____/

**ORDER RESCHEDULING HEARING AND
DENYING MOTION TO QUASH SUBPOENA**

A subpoena has been served on witness Paul A. Remillard requiring his attendance at the hearing in this matter currently scheduled for 10:00 a.m. on June 28, 2005. He has moved to quash, asserting any testimony he could give "would violate my oath of confidentiality," that the subpoena was not served until June 27 and thus is untimely, and that he has a conflict (a mediation he is set to conduct in another matter beginning at the same time, 10:00 a.m. on June 28).

Regardless of whether *some* testimony Mr. Remillard could give would be inadmissible, it is incorrect that *any* testimony Mr. Remillard could give would be inadmissible. And while one day's notice is not much, in this instance Mr.

Remillard had at least five days' actual notice of his required appearance.[1]  Finally, while Mr. Remillard's conflict is a substantial concern, it does not appear to prevent his attendance earlier on June 28.

The clerk has confirmed the availability of both sides beginning at 8:30 a.m. on June 28.  Accordingly,

IT IS ORDERED:

The hearing in this matter previously scheduled for 10:00 a.m. on June 28, 2005, is hereby rescheduled for 8:30 a.m. on June 28, 2005.  The subpoena served on witness Paul A. Remillard requiring his attendance at 10:00 a.m. on June 28, 2005, is hereby deemed amended to require his attendance at 8:30 a.m. on June 28.  Mr. Remillard's testimony will be presented at the outset of the hearing.  Except to the extent of this rescheduling, Mr. Remillard's motion to quash is DENIED.

SO ORDERED this 27th day of June, 2005.

s/Robert L. Hinkle
Chief United States District Judge

---

[1] A member of Mr. Remillard's staff called chambers by not later than Thursday, June 23, 2005, to advise of his unavailability.  A member of my staff advised the caller—accurately—that rulings of the court could not be sought by a unilateral telephone call.